

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Honorable Denver E. Perkins
County Attorney
Gonzales County
Gonzales, Texas

Opinion No.O-2683
Re: Justices of the Peace -
Trial fees.

Dear Sir:

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"It has been the custom in our County for many years for the Justice of the Peace, on a plea of guilty, to enter a judgment of conviction against the defendant, and, if the defendant has no money, the Justice of the Peace quite often permits him to go at large without bail or recognizance and to accept periodical payments of installments on the fine and costs. It sometimes happens that the defendant dies or leaves the State before the fine and costs are paid. It quite often happens that neither the Justice of the Peace nor the Constable make any further effort to collect the fine and costs after judgment is entered, even though the defendant still lives in the County. However, the Justice of the Peace always presents his bill on the first of the month to the Commissioners' Court for his fee of $2.50 in such case. Our Auditor has advised the Commissioners' Court that the Justice of the Peace is not due a fee in such a case since it is not a case that has been tried and finally disposed of by the Justice of the Peace. Needless to say, our justices of the peace take a different view of the matter. They have asked me to submit these facts to you for an opinion as to whether or not they are entitled to their fees before the fine and costs are paid.

"...

"Of course, where judgment is deferred,
no fees would be due until the judgment is at
least made and entered by the Justice of the
Peace on his docket against the defendant.

"The County Auditor takes the position
that these articles require the judgment to be
extended (i.e., fine paid or defendant jailed)
immediately upon its entry and that unless it
is executed the case has not finally been dis-
posed of.

"Our County Judge in discussing the matter
with me takes the position that the Justices of
the Peace are not entitled to their fees in such
case unless they show that they have shown due
diligence in collecting the amount adjudged
against the defendant. His view is that, if the
defendant is dead or beyond the reach of the of-
ficers, the Justice is due his fees; if the de-
fendant still lives in the County and the of-
ficers could execute the judgment, but fail to
do so, that the Justice is not due his fee.

"I have taken the position that if a judgment
of conviction is entered and not deferred that
it should be executed at once and that the defen-
dant should be committed to jail unless the fine
and costs are paid in full and that there is no
legal justification for allowing installment
payments of fines and costs. However, it is my
position that if the Justice of the Peace ignores
this provision of law and enters the judgment on
conviction or plea of guilty and no appeal is
taken from the judgment that the case has never-
theless been finally disposed of and that the
Justice of the Peace is entitled to his fee, re-
gardless of whether or not he shows any diligence
to collect the fine and costs."

Article 1052, Vernon's Annotated Texas Code of Crim-
inal Procedure, reads as follows:

"Three Dollars shall be paid by the county to
the County Judge, or Judge of the Court at law,

and Two Dollars and fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties having a population of 20,000 or less, the Justice of the Peace shall receive a trial fee of Three Dollars. Such Judge or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account on trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Article 783, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

Article 787, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"When a judgment has been rendered against
a defendant for a pecuniary fine, if he is pre-
sent, he shall be imprisoned in jail until dis-
charged as provided by law. A certified copy of
such judgment shall be sufficient to authorize
such imprisonment."

Article 788, Vernon's Annotated Texas Code of Crim-
inal Procedure, reads as follows:

"When a pecuniary fine has been adjudged
against a defendant not present, a capias shall
forthwith be issued for his arrest. The sheriff
shall execute the same by placing the defendant
in jail."

Article 698, Vernon's Annotated Texas Code of Crim-
inal Procedure, reads as follows:

"On each verdict of acquittal or conviction,
the proper judgment shall be entered immediately.
If acquitted the defendant shall be at once dis-
charged from all further liability upon the charge
for which he was tried; provided that, in mis-
demeanor cases where there is returned a verdict,
or a plea of guilty is entered and the punish-
ment assessed is by fine only, the Court may,
on written request of the defendant and for good
cause shown, defer judgment until some day fixed
by order of the Court; but in no event shall
the judgment be deferred for a longer period
of time than six (6) months. On expiration of
the time fixed by the order of the Court, the
Court or Judge thereof, shall enter judgment on
the verdict or plea and the same shall be exe-
cuted as provided by Chapter 4, Title 9, of the
Code of Criminal Procedure of the State of Texas.
Provided further, that the Court or Judge thereof,
in the exercise of sound discretion may permit the
defendant where judgment is deferred, to remain
at large on his own recognizance, or may require
him to enter into bond in a sum at least double
the amount of the assessed fine and costs, condi-
tioned that the defendant and sureties, jointly

and severally, will pay such fine and costs unless the defendant personally appears on the day set in the order and discharges the judgment in the manner provided by Chapter 4, Title 9 of the Code of Criminal Procedure of the State of Texas; and for the enforcement of any judgment entered, all writs, processes and remedies of the Code of Criminal Procedure are made applicable so far as necessary to carry out the provisions of this Article."

Opinion No. 0-616 of this department holds that the Justice of the Peace's right to compensation from the county for his trial fee under Article 1052, C.C.P., does not depend upon the collection or enforcement of the judgment but rather on the rendition of his final judgment in so far as the Jurisdiction of his court is concerned.

Opinion No. 0-1759 of this department, holds among other things, that the Justice of the Peace is entitled to his trial fee when the judgment he renders becomes final in so far as his court and jurisdiction are concerned. For example, if a defendant was tried and found guilty, filed motion for new trial within the statutory time and the court overruled the motion and the defendant filed an appeal bond within the statutory time in order to appeal his case from the justice to the county court, the Justice's judgment is final in so far as his court is concerned and he is entitled to his trial fee from the county, regardless of the outcome of the case in the county court or the court of criminal appeals.

Opinion No. 0-1251 of this department holds that where judgment is deferred under Article 698, Vernon's Annotated Texas Code of Criminal Procedure, the justice of the peace would not be entitled to his trial fee from the county until the deferred judgment was entered and until thereafter the statutory time had elapsed to make it final in so far as the jurisdiction of the justice was concerned.

Opinion No. 0-1868 of this department holds that where one justice took a plea of guilty and entered judgment and another justice issued commitment and placed the defendant in jail, that the first justice was entitled to the trial fee. It was also held in this opinion that it was immaterial as to

which justice collected all or a portion of the fine and costs.

We enclose herewith copies of Opinions Nos. O-616, O-1251, O-1759 and O-1868, which contain full discussion of these questions.

Under Article 698, the justice may defer judgment in the manner outlined by the statute. However, he cannot receive his trial fee from the county until the deferred judgment is entered and becomes final in so far as his jurisdiction is concerned. If he enters judgment he has no authority to extend credit to the defendant and permit him to go without paying his fine and costs. When his judgment is entered it is the duty of the arresting officer to collect the fine or place the defendant in jail, unless prevented by defendant's appeal from said conviction in the manner outlined by law.

However, the justice of the peace is entitled to his trial fee from the county when his judgment becomes final in so far as his jurisdiction is concerned. We are also of the opinion that the unauthorized and illegal acts of the justice in extending credit to convicted defendants would not defeat his legal claim against the county for his trial fees legally earned.

It is the opinion of this department that your position in the matter is correct.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Wm.J. Fanning
    Wm. J. Fanning
    Assistant

WJF:AW:bt
APPROVED Sept.5,1940
    Gerald C. Mann
    Attorney General of Texas
Approved Opinion Committee
By BWB, Chairman